SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

APR 3 0 2008

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Crim. No. 08- 74-P-H |
| ) | |
| KELVIN MORALES ) | |

### PROSECUTION VERSION

If this case were to proceed to trial, the government would prove that on October 17, 2007, in the District of Maine, the Defendant, Kelvin Morales, while under oath and testifying in a proceeding before the 2007 Grand Jury, a grand jury of the United States in the District of Maine, knowingly made a false material declaration.

The government would prove the following facts through witness testimony as well as documentary and other evidence:

On October 17, 2007, the Defendant appeared as a witness before the 2007 Grand Jury, sitting at the United States Courthouse in Portland, Maine. The grand jury was conducting an investigation into violations of Title 18, United States Code, Section 1951, arising from the robbery of the Ultra Diamonds jewelry store in Kittery, Maine on June 26, 2007. The Defendant had pleaded guilty to violating § 1951 based on his participation in the robbery and was appearing before the grand jury pursuant to a plea agreement.

At the outset of his grand jury appearance, the Defendant was placed under oath and swore to tell the truth. The Defendant was asked by government counsel whether he understood the oath he had taken, and he replied that he did. The Defendant was

also informed that if he testified falsely, he could be prosecuted for perjury or for making a false statement to the grand jury. The Defendant stated that he understood. The Defendant also indicated his understanding that his plea agreement would not protect him from a perjury prosecution if he testified falsely.

The Defendant was then questioned by government counsel regarding his involvement in the Ultra Diamonds robbery. Some of the questions concerned how the Defendant and other participants in the robbery had divided and disposed of the robbery proceeds. This issue was material to the grand jury's investigation because information on the disposition of items taken during the robbery could potentially identify other violators of federal criminal law, and could enable investigators to locate additional evidence for use in future court proceedings.

While under oath during the grand jury proceeding, the Defendant made the following declaration in response to questions from government counsel:

> Q: **Did he ever give you any jewelry as payment –**
>
> A: **No.**
>
> Q: **– for the robbery?**
>
> A: **No.**

At the time the Defendant made this declaration, he knew that it was false. The Defendant in fact had received a portion of the jewelry stolen from Ultra Diamonds as payment for his participation in the robbery. The Defendant's false testimony was capable of affecting and influencing the Grand Jury's investigation of the robbery.

                        Respectfully submitted,

                        PAULA D. SILSBY
                        United States Attorney

                        /s/ Craig M. Wolff
                        Craig M. Wolff
                        Assistant United States Attorney

Dated: April 8, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2008, the Prosecution Version in this case was sent via first-class mail, postage prepaid, to David Beneman, Federal Defender, counsel for the Defendant. A copy was also sent via facsimile on April 8, 2008.

                                            Paula D. Silsby
                                            United States Attorney

                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            100 Middle Street
                                            Portland, Maine 04101
                                            (207) 780-3257
                                            craig.wolff@usdoj.gov